## AFFIDAVIT OF U.S. POSTAL INSPECTOR DANIEL LEE
## IN SUPPORT OF A CRIMINAL COMPLAINT

I, Daniel Lee, being duly sworn, state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been a U.S. Postal Inspector with the U.S. Postal Inspection Service ("USPIS") since February 2015. I am currently assigned to the Identity Theft Team in USPIS Boston Division Headquarters, where I investigate possible violations of federal law, including wire fraud, bank fraud, money laundering, counterfeiting, and passport fraud. I have received on-the-job training as well as USPIS-sponsored training related to these types of investigations, and I have participated in the execution of search, seizure, and arrest warrants related to criminal investigations. My investigations and training have included the use of surveillance techniques, confidential informants, and court-authorized interception of wire and electronic communications.

2. As a U.S. Postal Inspector, I am empowered by law to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants issued under authority of the United States.

3. I am currently conducting an investigation of Valnardia NOVAS ("NOVAS") and others for violations of certain federal laws, including bank fraud, wire fraud, money laundering, and aggravated identity theft.

4. I make this affidavit in support of a criminal complaint charging NOVAS with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Specifically, as set forth below, I have probable cause to believe that NOVAS conspired with others to execute a scheme to fraudulently obtain money under the custody and control of TD Bank, N.A. ("TD Bank"), a financial institution as defined in 18 U.S.C. § 20.

5.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

6.      With respect to the transactions described below, I have reviewed bank surveillance photos, as well as the TD Bank records concerning each of the transactions.

## PROBABLE CAUSE TO BELIEVE THAT A FEDERAL CRIME WAS COMMITTED BY NOVAS

7.      NOVAS is currently a resident of Framingham, Massachusetts.

8.      Bank surveillance photos show that on or about September 3, 2017, an unidentified man, hereinafter referred to as Co-Conspirator 1 ("CC-1"), entered a TD Bank branch located at 31 Cross Street in Peabody, Massachusetts, where NOVAS was then employed as a teller. Based on information provided by NOVAS, CC-1 approached NOVAS, identified himself as a TD Bank customer, hereinafter referred to as Victim 1, and produced a fraudulent ID in Victim 1's name. As set forth below, NOVAS has acknowledged that she was aware at the time that CC-1 was not, in fact, Victim 1. Bank records show that CC-1 requested three official bank checks – one for $7,000, a second for $92,000, and a third for $40,000 – drawn on Victim 1's Home Equity Line of Credit ("HELOC") account ending in 4367 ("TD-4367"). CC-1 also requested a cash withdrawal of $9,700 from TD-4367. NOVAS facilitated the processing of the three official checks and the cash withdrawal.

9.      Bank surveillance photos show that on or about September 17, 2017, what appears to be the same unidentified man, CC-1, returned to the same TD Bank branch, and, based on information provided by NOVAS, again falsely identified himself as Victim 1. Bank records show that CC-1 requested three official bank checks – one for $90,000, a second for $8,000, and a third

for $68,000 – drawn on TD-4367. CC-1 also requested a cash withdrawal of $9,000 from TD-4367. NOVAS facilitated the processing of the three official checks and the cash withdrawal.

10. As a further part of the scheme, bank surveillance photos show that on or about September 18, 2017, what appears to be a second unidentified man, hereinafter referred to as Co-Conspirator 2 ("CC-2"),[1] entered the same TD Bank branch located at 31 Cross Street in Peabody, Massachusetts. CC-2 approached NOVAS and, based on information provided by NOVAS, identified himself as a TD Bank customer, hereinafter referred to as Victim 2, and produced a fraudulent ID in Victim 2's name. As set forth below, NOVAS was aware at the time that CC-2 was not, in fact, Victim 2. Bank records show that CC-2 requested three official bank checks – one for $33,000, a second for $35,000, and a third for $55,000 – drawn on Victim 2's HELOC account ending in 0555 ("TD-0555"). NOVAS facilitated the processing of the three official checks.

11. Bank surveillance photos and records show that on or about October 1, 2017, an individual appearing to be CC-1 returned to the same TD Bank branch, again falsely identifying himself to NOVAS as Victim 1 and producing a fraudulent ID in Victim 1's name. Based on the bank records, CC-1 requested three official bank checks – one for $32,000, a second for $8,500, and a third for $9,500 – drawn on Victim 1's HELOC account ending in 7376 ("TD-7376").[2] CC-1 also requested a cash withdrawal of $9,200 from TD-7376. NOVAS facilitated the processing of the three official checks and the cash withdrawal.

12. Both Victim 1 and Victim 2 were interviewed by USPIS agents and confirmed that neither they nor their spouses authorized the transactions described above.

---

[1] Based on my review of bank surveillance photos, CC-1 and CC-2 appear to be different individuals.

[2] TD-7376 was assigned to Victim 1 as a new account after TD-4367 was compromised.

3

13. On July 16, 2019, a Special Agent of the Federal Bureau of Investigation and I interviewed NOVAS regarding the transactions described above. During the interview, NOVAS acknowledged that she was aware, at the time, that CC-1 was not Victim 1, and that CC-2 was not Victim 2. NOVAS admitted that she had knowingly facilitated the fraudulent withdrawals from Victim 1's TD-4367 and TD-7376 accounts, as well as the fraudulent withdrawals from Victim 2's TD-0555 account. NOVAS stated that she had been recruited by two acquaintances of hers, Co-Conspirator 3 ("CC-3") and Co-Conspirator 4 ("CC-4"), to facilitate the fraudulent withdrawals. NOVAS further stated that CC-3 and CC-4 paid her approximately $40,000 to $60,000 in cash for her participation in the scheme.

## CONCLUSION

14. Based on my knowledge, training, and experience, and the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that NOVAS conspired to commit bank fraud, in violation of Title 18, United States Code, Section 1349.

Respectfully submitted,

*Daniel Lee*
Daniel Lee
U.S. Postal Inspector
U.S. Postal Inspection Service

Subscribed and sworn to before me
on **Aug 4, 2020** Telephonically

*Judith Gail Dein*
JUDITH G. DEIN
United States Magistrate Judge